UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>STEVEN BOWMAN,<br><br>    Defendant. | Case No. 1:19-cr-000158-DCN-4<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Steven Bowman's pro se Response to the Court's prior order regarding the protective orders in this case and access to discovery. Dkt. 503. Bowman's filing is, in essence, a Motion for Reconsideration, and the Court will treat it as such. Upon review, the Court DENIES the Motion.

## II. BACKGROUND

Bowman's counsel previously sought clarification from the Court regarding the scope of the protective orders in this case and how, if at all, Bowman could review discovery for his post-conviction proceedings. *See* Dkt. 491. The Court held the protective orders in this case still apply post-sentencing and that it would not send all of Bowman's discovery to him at his current facility in Florida. *See generally* Dkt. 500.

Bowman filed a response to the Court's order. Dkt. 503. He takes issue with some of the Court's conclusions and reasoning as applied to him (and his co-defendants) and ultimately asks that the Court reconsider its position on sending him discovery so that he can file post-conviction motions.

MEMORANDUM DECISION AND ORDER - 1

### III. LEGAL STANDARD

Bowman does not cite to any caselaw in support of his current motion. As noted, however, he asks the Court to revisit its prior order; thus, the Motion is best viewed as a Motion to Reconsider.

The Federal Rules of Civil Procedure permit courts to reconsider and amend previous orders. *E.g.*, Fed R. Civ. P. 59(e). "The Court does not take reconsideration lightly . . . . To succeed on a motion to reconsider, a party must first establish they have a right to ask for reconsideration; that is to say, they must establish one or more of the limited grounds for reconsideration are present." *United States, ex rel. Rafter H Constr., LLC v. Big-D Constr. Corp.*, 358 F. Supp. 3d 1096, 1098 (D. Idaho 2019). Once the moving party has established the right, the moving party then bears the burden of persuading the Court "that their purported reasons rise to the level of reversal." *Id.*

The four limited grounds upon which a district court may grant a motion for reconsideration are: "(1) the motion is necessary to correct manifest errors of fact or law; (2) the moving party presents newly discovered evidence; (3) reconsideration is necessary to prevent manifest injustice; or (4) there is an intervening change in the law." *Coffelt v. Yordy*, 2016 WL 9724059, at *1 (D. Idaho Nov. 30, 2016) (citing *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003)).

Regardless of the standard or rule under which they are brought, "motions for reconsideration are generally disfavored, and may not be used to present new arguments or evidence that could have been raised earlier." *Am. Rivers v. NOAA Fisheries*, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442

MEMORANDUM DECISION AND ORDER - 2

(9th Cir. 1991)); *see also Carrol v. Nakatani*, 342 F. 3d 934, 945 (9th Cir. 2003) (explaining that motions to reconsider are "an extraordinary remedy, to be used sparingly in the interest of finality and conservation of judicial resources") (quoting 12 James Wm. Moore et al., Moore's Federal Practice § 59.30[4] (3d ed. 2000)).

## IV. DISCUSSION

Bowman asks the Court to revisit its determination that he cannot have access to the voluminous discovery from this case—even for prospective post-conviction filings.

As the Court previously explained, "there is no general constitutional right of access to documents that a criminal defendant deems material to a past criminal case or potential collateral postconviction proceedings." *United States v. Castillo*, 730 F. App'x 892, 892 (11th Cir. 2018). *See also Dist. Attorney's Off. for Third Jud. Dist. v. Osborne*, 557 U.S. 52, 72–74 (2009) (holding defendants do not have a "freestanding right" to post-conviction discovery); *Bracy v. Gramley*, 520 U.S. 899, 904 (1997) ("A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."). In other words, Bowman (and others) do not have an automatic right to discovery for post-conviction motions.

Bowman indicates he wishes to file a "2255 Appeal." Dkt. 503, at 1. To be clear, a "2255" and an "appeal" are two different things. As the Court already noted:

> If Bowman plans to file a direct appeal of his sentence, it will be difficult for him to make such an argument because: 1) the time to do so has long passed, and 2) he affirmatively waived his right to appeal. Thus, the Court cannot see how discovery would be necessary to Bowman's appeal, if any.

Dkt. 500, at 6–7. So, an appeal is likely out of the question for Bowman.

MEMORANDUM DECISION AND ORDER - 3

But a petition under 28 U.S.C. § 2255 may not be.[1] As the Court already explained, however, there are procedures in place within a 2255 proceeding to ask for discovery:

> If Bowman seeks to file a petition under 28 U.S.C. § 2255, he may request discovery as part of that process. The Court can then, pursuant to the Rules Governing 2255 Petitions, decide whether discovery is appropriate. But again, the Court is not able to undertake such an inquiry at this time.

*Id*.

In short, the Court will not revisit its decision regarding the protective orders and discovery. The Court understands that Bowman (and others) *may* have an interest in discovery even though their individual cases have reached a resolution. But the Court's prior concerns about safety are still relevant. Thus, it will not simply "open the gates" and allow unfettered access to discovery. Such requests can be dealt with on a case-by-case basis when in the proper form.

Furthermore, the Court does not see its order as singling out Bowman. While some of Bowman's co-defendants may *currently* still have access to discovery and he does not, that is because they are still housed in Idaho, and he is across the country in Florida. The Court will not ship hundreds of thousands of pages of discovery (or multi-terabyte hard drives) to Florida and put the onerous on prison staff to monitor Bowman's usage under the terms of the Court's two prior protective orders. If Bowman has specific requests regarding discovery, he can make those in his 2255 case and the Court will weigh whether to grant the request.

---

[1] There are applicable time limitations for the filing of a 2255 Motion. The Court takes no position on whether Bowman's petition is, or will be, timely.

MEMORANDUM DECISION AND ORDER - 4

## V. ORDER

The Court **HEREBY ORDERS**:

1. Bowman's Motion for Reconsideration (Dkt. 503) is DENIED. If Bowman needs specific discovery, he can file a 2255 Petition and ask for discovery via that avenue. The Court is not implying any such request will be automatically granted, but that is the better forum for Bowman's request. The Court's prior decision regarding the protective orders in this case remains in effect.

DATED: September 10, 2024

David C. Nye
Chief U.S. District Court Judge